**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BERNARDO HERNANDEZ, ID # 422817,**          )  <br>            Petitioner,                              )  <br> **vs.**                                                            )           No. 3:14-CV-0106-D  (BH)  <br>                                                                     )  <br> **RICHARD WATHEN, Warden,**              )           Referred to U.S. Magistrate Judge  <br>            Respondent.                           ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petitioner's claims challenging his classification as a sexual offender should be **DISMISSED** without prejudice as not being cognizable in a habeas petition, and his remaining claims should be **DENIED** with prejudice as being barred by the statute of limitations.

**I.  BACKGROUND**

The petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging both his 1985 conviction for burglary and the imposition of sex offender registration requirements on him by the Board of Pardons and Paroles. The respondent is Richard Wathen, the warden of his prison unit.

**A.  Factual and Procedural History**

On May 21, 1986, the petitioner was convicted of burglary of a habitation in Cause No. F85-92947 in Criminal District Court No. 3 of Dallas County. He was sentenced to 99 years' imprisonment. (Pet. at 2; *see also* www.tdcj.state.tx.us, search for the petitioner). He did not appeal his conviction or sentence. The petitioner filed a state habeas applications challenging the denial of mandatory supervision parole on April 25, 2013, that was dismissed by the Texas Court of Criminal Appeals on June 12, 2013, on procedural grounds. (Pet. at 3-4); *see also Ex Parte*

*Hernandez*, WR-79,602-01 (Tex. Crim. App. June 12, 2013).  The petitioner filed a second state habeas petition on August 14, 2013, challenging his classification as a sex offender.  (*See* www.dallascounty.org, search for Cause No. W85-592947-B).  The Court of Criminal Appeals denied this writ without a written order on October 23, 2013.  *See Ex parte Hernandez*, WR-79,602-02 (Tex. Crim. App. Oct. 7, 2013).

**B.**     **Substantive Claims**

On December 12, 2013, the petitioner mailed his petition for federal habeas relief raising the following grounds for relief:

> (1)  his due process rights under the Fourteenth Amendment were violated when he was classified as a sex offender without notice or a hearing (ground one);
>
> (2) his classification as a sex offender has had a stigmatizing effect because his status is published in social media, he has been forced to register as a sex offender and attend treatment, and it has restricted him being certain places and having certain jobs, including a job in the prison library (ground two);
>
> (3) during the investigation of the crime, he was forced to sign a confession without a translator present that is now being used to stigmatize him (ground three); and
>
> (4) petitioner is willing to provide an example of blood for DNA testing (ground four).

## II.  COGNIZABILITY

The petitioner asserts in his first two grounds for relief that his constitutional rights have been violated because he has been classified as a sex offender without notice or a hearing.  He further asserts that this classification has had a stigmatizing effect because it has been broadcast through social media, it has forced him to register and attend treatment, and it has prevented him from obtaining a job in the prison library.  (Pet. at 6, 9.)  He attaches a document from the parole division of the Texas Department of Criminal Justice (TDCJ) that he signed on November 2, 2009. This document states that the parole division was considering imposing sex offender conditions on

the petitioner prior to his release because he sexually assaulted a woman while committing the offense of burglary of a habitation. (Pet. at 12).

The Fifth Circuit has stated that "[g]enerally, [42 U.S.C.] § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement" whereas habeas petitions are the appropriate vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). The only function of habeas relief is to grant relief from unlawful imprisonment or custody. *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). The Supreme Court noted that

> [it] has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

*Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). On the other hand, § 1983 is available for procedural challenges where success in the action would not necessarily result in either immediate or speedier release of a prisoner from confinement. *Id*.

Here, the petitioner challenges certain conditions of his confinement, including sex offender registration and treatment and the denial of employment in the prison library. Success in challenging these conditions would not result in an earlier release from custody. The petitioner would only be relieved of compliance with these conditions. The appropriate vehicle for these claims is therefore a § 1983 suit. *See Meza v. Livingston*, 607 F.3d.392, (5th Cir. May 20, 2010) (finding in context of § 1983 suit that due process rights of parolee were violated by the enforcement of sex-offender conditions as part of his mandatory supervision because he had never been convicted of a sex offense.); *compare Coleman v. Dretke*, 395 F.3d 216, 219 n. 2 (5th Cir. 2004) (holding that petitioner in custody as a result of revocation of mandatory supervision for failure to comply with

3

sex offender conditions correctly challenged the imposition of those conditions without due process under the habeas statute because he was seeking release), *reh'd en banc denied,* 409 F.3d 665 (5th Cir. 2005). Because the petitioner's claims regarding his sex offender classification are claims regarding conditions of confinement, they are not cognizable in a federal habeas petition. These claims should therefore be dismissed without prejudice.

### III. STATUTE OF LIMITATIONS

In his third ground for relief, the petitioner asserts that he was forced to sign a confession at the time that the crime of which he was convicted was being investigated, and that it is now being used against him. In his fourth ground, the petitioner states that he is willing to take a DNA test. The grounds are liberally construed as a claim that his confession was obtained in violation of his Fifth Amendment rights, and that he is actually innocent of the offense of sexual assault.[1]

**A. Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-

---

[1] To the extent that petitioner is also seeking DNA testing, he must first file a motion in state court requesting DNA testing. *See* TEX. CODE CRIM PROC. ANN. 64.01 (Vernon 2011). If the Texas state courts deny DNA testing, he may then challenge that ruling in federal court by filing a civil action pursuant to 42 U.S.C. § 1983. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1299 (2011).

4

vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D). The petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations with respect to his third and fourth grounds for relief are therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting these claims (subparagraph (D)).

In this case, the petitioner did not appeal his conviction. His state conviction became final for purposes of § 2244(d) upon the expiration of the thirty-day time frame for appealing his conviction in 1986. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). Where a conviction became final before the April 24, 1996 enactment of the AEDPA, the petitioner had one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). The one-year period of limitations does not apply prior to its effective date. The petitioner is therefore entitled to the one-year grace period that ended, in the absence of tolling, on April 24, 1997.

The petitioner claims that his confession was obtained illegally, and that he is actually innocent of a sexual assault during the burglary of which he was convicted. (Pet. at 7). Under subparagraph (D), the facts supporting these claims became known or could have become known prior to April 24, 1996. Because he filed his petition more than one year after this date, a literal application of § 2244(d)(1) renders his December 12, 2013, federal habeas filing[2] untimely with respect to his third and fourth grounds for relief.

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The petitioner filed two state writs in 2013. These state writs were filed years after the one-year limitations period ended in 1997. Accordingly, the statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

[other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, the petitioner presented no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his third and fourth grounds for relief are barred as untimely.

## IV. RECOMMENDATION

The Court should find the petitioner's claims regarding sexual offender classification to be non-cognizable on federal habeas review and **DISMISS** them without prejudice,[3] and the remaining claims to be barred by the statute of limitations and **DENY** them with prejudice.

---

[3] Petitioner may file a civil action under 42 U.S.C. § 1983 challenging his conditions of confinement. The Prison Litigation Reform Act (PLRA) requires that all prisoners who bring a civil action pay the full $350 filing fee, although the fee may be paid in installments where leave to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(b)(1).

**SIGNED** on this 3rd day of February, 2014.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8